IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:18-cr-84 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| ZIDKAIJAH WARREN, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER DENYING MOTION TO DISMISS INDICTMENT (Doc. 39)**

This case is before the Court on Defendant Zidkaijah Warren's Motion to Dismiss the Indictment (Doc. 39). The United States has filed a Response in Opposition (Doc. 41), making this matter ripe for the Court's review.

**FACTS**

On June 20, 2018, a federal grand jury returned a one-count indictment against Mr. Warren, charging him for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 2. (*See* Indictment, Doc. 1.) More specifically, the indictment alleges that Mr. Warren, a previously convicted felon, "did knowingly possess, in and affecting interstate and foreign commerce, a firearm and ammunition, that is, a .380 caliber Davis Industries model P-380 semi-automatic handgun . . . and five rounds of Remington-Peters .380 caliber ammunition." (*Id.*)

## ANALYSIS

The statute at issue makes it unlawful for a convicted felon to "possess in or affecting commerce, any firearm or ammunition." 18 U.S.C. § 922(g)(1). Mr. Warren argues the indictment should be dismissed because the "government cannot prove, as a matter of law, that the firearms charged in this case were possessed 'in or affecting commerce,' as required by th[is] statutory language." (Doc. 39.) In Mr. Warren's opinion, "[p]rosecuting a defendant for possessing a gun, where the only connection to commerce is that the gun was manufactured in another state, is legally insufficient." (*Id.*) He raises two arguments in this regard—one statutory and one constitutional.

First, Mr. Warren contends that "to the extent [ ] the possession statute is construed to reach firearms manufactured outside the State of Ohio, such broad and sweeping exercise of federal power violates the Commerce Clause." (*Id.*) Nevertheless, Mr. Warren "acknowledges that this constitutional issue has been addressed by the Sixth Circuit repeatedly," and states that he only raises the argument to preserve the record for appellate review. (*Id.*) Indeed, both the Supreme Court and Sixth Circuit have held that Congress acts within its power under the Commerce Clause to make it unlawful for a felon to possess a firearm that was manufactured outside the state. *Scarborough v. United States*, 431 U.S. 563, 575 (1977); *United States v. Chesney*, 86 F.3d 564, 569 (6th Cir. 1996). In *Scarborough*, the Supreme Court interpreted the phrase "in commerce or affecting commerce" of 18 U.S.C. § 1202—Section 922(g)(1)'s predecessor—to require only "that the firearm have been, at some time, in interstate commerce." 431 U.S. at 575. In 1986, Congress repealed § 1202 and replaced it with an

expanded version of § 922—the now-current statute at issue here. In *Chesney*, the Sixth Circuit confirmed that *Scarborough* was still good law and applied the Supreme Court's interpretation of § 1202(a)'s commerce element to the commerce element of § 922(g)(1). 86 F.3d at 570-71 (noting that "the jurisdictional element of § 922(g)(1), which requires that the gun be possessed 'in or affecting commerce' is virtually identical to the jurisdictional element of § 1202(a), which required that the gun be possessed 'in commerce or affecting commerce.'"). The Sixth Circuit thus reiterated that "a firearm that has been transported at any time in interstate commerce has a sufficient effect on commerce to allow Congress to regulate the possession of that firearm pursuant to its Commerce Clause powers." *Id.* More recently, the Sixth Circuit noted that "every other circuit to have addressed the issue has held, consistently with *Chesney*, that the Commerce Clause requires no proof other than that the firearm or ammunition traveled in interstate commerce." *United States v. Henry*, 429 F.3d 603, 620 (6th Cir. 2005). The law in this matter is clear. Mr. Warren's constitutional argument is without merit.

Second, Mr. Warren argues that a "plain reading of the statute itself . . . indicates that possessors of firearms cannot be criminally liable federally where the only connection to commerce was that the gun was manufactured in another state." (Doc. 39.) He states that "[n]either the Supreme Court nor the Sixth Circuit have directly addressed the statutory construction argument raised herein, so this novel and important issue must first be decided before the District Court." (*Id.*) However, as Mr. Warren acknowledges, this precise argument was recently decided on the merits by this Court in *United States v. Rashid*, No. 1:20-CR-19, 2020 WL 5126697, at *1 (S.D. Ohio Aug.

3

31, 2020) (McFarland, J.) and *United States v. Wendel*, No. 1:19-CR-132, 2020 WL 832098, at *1 (S.D. Ohio Feb. 20, 2020) (Cole, J.), and Mr. Warren notes that he is presenting the issue solely to preserve it for appellate review. In *Rashid* and *Wendel*, which the Court incorporates here, we held that defendants' identical statutory arguments were foreclosed by Sixth Circuit precedent. *Id*. Specifically, we noted that in *Chesney*, the Sixth Circuit found that "*Scarborough* was decided as a matter of statutory construction . . ." 86 F.3d at 571. *Id*. Even though the Supreme Court interpreted § 1202(a), not § 922(g)(1), we held that "*Scarborough*'s analysis of that language is just as compelling [now] as it was when the case was decided." *Rashid*, 2020 WL 5126697 at *2. We thus concluded that "on a possession charge under § 922(g)(1), we are bound to treat *Scarborough*'s application of the phrase 'in and affecting commerce' as authoritative." *Id*. at *3. In other words, by applying *Scarborough*'s interpretation of § 1202(a) to the same element in § 922(g), the Sixth Circuit has already resolved Mr. Warren's statutory question. *See Chesney*, 86 F.3d at 564. And this Court is bound to follow that precedent.

## CONCLUSION

In sum, stare decisis controls, as both of Mr. Warren's arguments have already been resolved by the Supreme Court and Sixth Circuit. Mr. Warren, a convicted felon, possessed a firearm in Ohio that was manufactured in another state. Further, since the Government alleges that the firearms and ammunition in Mr. Warren's possession were "in and affecting interstate and foreign commerce," the indictment is legally sufficient. Mr. Warren's Motion to Dismiss the Indictment (Doc. 39) is therefore **DENIED**.

IT IS SO ORDERED.

By: *[signature]*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

JUDGE MATTHEW W. McFARLAND